I agree with Judge Pittman that in order to prove that her carpal tunnel syndrome was caused by an on-the-job accident, the worker was required to meet the clear-and-convincing-proof standard. Therefore, I join Judge Pittman's dissent.
I write to add that I believe the main opinion also errs in affirming the trial court's decision to allow Dr. Crunk, a vocational expert, to testify on the issue of the causation of the worker's depression. USX objected to Dr. Crunk's testimony on the basis that Dr. Crunk was not qualified to render an opinion on the cause of the worker's depression. In making that objection, counsel for USX argued that "[Dr. Crunk] has no psychiatric qualifications, no medical licensing in the psychiatric field, and no medical licensing in the field of psychology." *Page 434 
In Tidwell v. Upjohn Co., 626 So.2d 1297, 1300 (Ala. 1993), our supreme court allowed a witness to testify as an expert where the witness's "education, experience, study, and background" and his employment as both a pharmacist and a pharmacologist established his qualifications to render an opinion regarding the effect of a particular medication on the decedent. In this case, Dr. Crunk is a licensed vocational rehabilitation counselor; he is not a medical doctor, a psychologist, or a psychiatrist. Dr. Crunk testified only that he believed he was qualified to "give an impression psychologically." The record does not indicate, however, that Dr. Crunk has had any experience with, or has any expertise pertaining to, depression, or that his "education, experience, study, and background" qualified him to testify regarding the cause of the worker's depression. Tidwell v.Upjohn Co., 626 So.2d at 1300. Dr. Crunk established that he was qualified to render an opinion on the effect of the worker's depression on her ability to obtain or maintain employment. However, I do not believe that the record establishes that Dr. Crunk "ha[d] sufficient knowledge to testify as an expert" regarding the cause of the worker's depression. Id. I believe that the main opinion errs in affirming the trial court's decision to admit Dr. Crunk's testimony as to the cause of the worker's depression.